IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**GREGORY LYNN GALES,**

      **Petitioner,**

      v.                                CASE NO. 13-3190-SAC

**MARK FRAME, County
Attorney, et al.,**

      **Respondents.**

### O R D E R

This case was opened when the court received a document entitled "Motion" from Mr. Gales with the number but not the same respondents as in the caption of one of his closed cases, *Gales v. Cline*, No. 09-3189-RDR. The clerk was directed to docket this "motion" as a habeas corpus petition filed by a state inmate pursuant to 28 U.S.C. § 2254 for the reason that it is another in a long line of improper attempts by Mr. Gales to challenge his 2001 state convictions[1] after he has repeatedly been informed of the singular proper procedure for such challenges. The court finds that this pleading amounts to a successive application for habeas corpus review and that this action must be dismissed for lack of jurisdiction because there is no indication that Mr. Gales obtained preauthorization from the Tenth Circuit Court of Appeals before its filing.

---

[1] Mr. Gales is the petitioner in 9 and the plaintiff in 3 cases that have been filed in this court. All 12 cases have been attempts to challenge his 2001 state convictions in federal court.

In 2001, Mr. Gales was convicted of intentional second-degree murder and arson in the District Court of Edwards County, Kansas. *See State v. Gales*, 74 P.3d 594 (Kan.App.), *review denied* (Kan. Nov. 12, 2003), *cert. denied*, 541 U.S. 1076 (2004). In *Gales v. Cline*, Case No. 09-3096-SAC, 2009 WL 1421197 (May 20, 2009), the history is set forth of Mr. Gale's initial filings in federal court challenging his 2001 state convictions. Included in this history is *Gales v. Morrison*, 2008 WL 1925067 (D.Kan. May 1, 2008), *appeal dismissed*, App.No. 08-3124, 283 Fed.Appx. 656 (10th Cir. July 1, 2008) in which his federal habeas corpus petition was dismissed as time-barred. In that order, Mr. Gales was also plainly informed that:

> Under 28 U.S.C. § 2244(b)(3)(A), a second or successive § 2254 habeas petition may be filed in the district court only if the applicant first obtains an order from the appropriate federal court of appeals authorizing the federal district court to consider the petition.

*Id.* at 4. He was also informed that this statutory requirement for prior authorization is jurisdictional. *Id*. (citations omitted). Nevertheless, in August 2009, Mr. Gales filed a civil rights complaint attempting to challenge his state convictions, which was dismissed. *Gales v. Meeks*, Case No. 09-3180 (Oct. 30, 2009). In September 2009, Mr. Gales filed a habeas corpus petition pursuant to 28 U.S.C. § 2241 attempting to challenge his 2001 convictions, which was dismissed. *Gales v. Cline*,

2

Case. No. 09-3189-RDR (October 2, 2009). Petitioner's appeal was dismissed for failure to prosecute. After the appeal mandate, Mr. Gales filed a post-judgment motion that was denied. In the order denying that motion, he was reminded that the case was dismissed as his obvious attempt to challenge his state convictions and "to avoid statutory restrictions on his exclusive remedy for doing so, which is a petition under § 2254." Mr. Gales has continued to be an abusive habeas corpus litigant, despite filing restrictions that were imposed upon him on April 22, 2010, in *Gales v. Cline*, Case No. 10-3091-MLB.

This court could have directed the clerk to docket this most recent ambiguous pleading from Mr. Gales in closed case 09-3189, even though the caption is incorrect, and simply denied it as stating no grounds for relief from judgment. However, it is not a true post-judgment motion. Instead, it is another improper and abusive attempt by Mr. Gales to challenge his 2001 state convictions without following the requisite statutory procedures of which he has repeatedly been notified in federal court. Thus, even if this pleading had been docketed as a post-judgment motion, it would be considered a successive application for habeas relief that required Circuit preauthorization.

Mr. Gales has repeatedly been informed that in order to raise any old or new challenge to his state convictions, he must adhere to the requisite statutory procedures. Here, as well as

3

in the future, any allegation presented by Mr. Gales that is a challenge to his 2001 state convictions may only be raised by his submission of a new, complete application for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 that is presented upon court-approved forms. The new petition must be accompanied by the filing fee of $5.00 or a properly-supported motion to proceed in forma pauperis that is also upon court-approved forms. Furthermore, in accord with 28 U.S.C. § 2244(b)(3), before a new § 2254 petition may be filed by Mr. Gales in this court, he must have sought and obtained preauthorization to file a successive habeas application from the Tenth Circuit Court of Appeals. Mr. Gales may no longer avoid the local court rules, the statutory fee requirement, and the statutory prerequisites for submitting successive habeas claims by filing improper motions and pleadings that are not a § 2254 petition.

In the instant application, Mr. Gales vaguely complains of "conflicting statutes in the record" and "long standing issues of a (sic) expert witness." He attaches copies of letters regarding his criminal prosecution, appeals, and an autopsy of the victim as well as the "General Appearance Docket" in *State of Kansas v. Gregory Gales*, Case No. 00CR00084. He does not explain the import of these exhibits; however, it is clear from his "motion" and the attached exhibits that he is once again attempting to challenge his 2001 state convictions. This

4

application for habeas corpus relief is not upon court-provided forms for filing a § 2254 petition. Nor is it accompanied by the filing fee of $5.00. Most importantly, there is no indication that Mr. Gales obtained preauthorization from the Tenth Circuit Court of Appeals to file a successive habeas application. Consequently, this court lacks jurisdiction to consider Mr. Gales habeas corpus claims, and this action must be dismissed.

**IT IS THEREFORE ORDERED** that petitioner's "motion" is construed as an application for habeas corpus relief under 28 U.S.C. § 2254 and dismissed for lack of jurisdiction.[2]

**IT IS SO ORDERED.**

Dated this 22nd day of November, 2013, at Topeka, Kansas.

**s/Sam A. Crow**
**U. S. Senior District Judge**

---

[2] The interests of justice would not be served by the transfer of this application to the Tenth Circuit for consideration of preauthorization because the matter is time-barred.